**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CASE-ARI, LLC, d/b/a CASE-MATE, | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. 1:10-CV-01874-CAP |
| MSTATION, INC. and DANIEL HUANG, | |
| Defendants. | |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT mSTATION'S
<u>MOTION TO DISMISS OR TRANSFER</u>**

Defendant, mStation, Inc., ("mStation"), by and through its counsel, files

this Memorandum of Points and Authorities in support of its Motion to Dismiss or

Transfer .

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

FACTUAL BACKGROUND.................................................................................2

ARGUMENT ........................................................................................................5

I.    The Claims Against mStation Must Be Dismissed Pursuant to Rule
      12(B)(1) of the Federal Rules of Civil Procedure Because this Court
      Does Not Have Subject Matter Jurisdiction. .................................................5

      A.    This Court Has No Subject Matter Jurisdiction When There is
            No Actual Case or Controversy. ...........................................................5

      B.    No Case or Controversy Exists Here Because mStation is not
            the Owner or Licensee With Power To Enforce of the Patents-
            in-Suit. ...................................................................................................7

      C.    Additionally, this Court Should Exercise its Discretion and
            Decline Jurisdiction in Favor of the Litigation Pending in the
            Central District of California..................................................................8

            1.    The Court has No Personal Jurisdiction Over an
                  Indispensible Party......................................................................9

            2.    The Case Should be Consolidated with the Matter
                  Pending Before the Central District of California. ...................11

            3.    Considerations of the Real Party of Interest Favor
                  Dismissal...................................................................................11

            4.    The Convenience of the Parties and Witnesses also
                  Favors Dismissal.......................................................................12

II.   In the Alternative, this Court Should Transfer Venue to the Central
      District of California Under 28 U.S.C. § 1404(a) for the Convenience
      of the Parties and Witnesses and in the Interest of Justice............................12

A.     The Central District Of California is a Court in Which this Action Might Have Been Brought. .....................................................13

B.     The Convenience of the Parties and Witnesses and the Interest of Justice Favor Transfer to the Central District Of California. .........14

      1.     Weight Should be Accorded to Defendant's Choice of Forum as the Proper Plaintiff for a Declaratory Relief Action. ........................................................................................14

      2.     Trial Efficiency Favors Transfer Where There is Already an Action Pending in the Transferee Court. ...........................15

      3.     The Convenience of the Witnesses, Locus of Operative Facts, Location of Relevant Documents and Convenience of the Parties All Favor Transfer. .............................................16

      4.     Remaining Factors Favor Transfer. .........................................17

C.     Plaintiff Can Reinstate its Suit in the Central District of California where there is Jurisdiction for all Parties. ..........................17

CONCLUSION ......................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Attorneys Trust v. Videotape Computer Products, Inc.*
  93 F.3d 593 (9th Cir. 1996) ...................................................................6

*Daniel Huang v. GC Technology, LLC d/b/a Phonesuit, Hali-Power Inc. and
  Case-Ari, LLC, d/b/a Case-Mate*
  Civil Case No. CV10-4705 CAS (C.D.Cal. June 24, 2010)............... 1-2, 4, 7, 12

*Delano Farms Co.,*
  623 F. Supp. 2d 1144, 1163 (C.D. Cal. 2009) ....................................9

*Genentech v. Eli Lilly & Co.*
  998 F.2d 931 (Fed. Cir. 1993) *overruled in part on other grounds Wilton
  v. Seven Falls Co.,* 515 U.S. 277, 115 S. Ct. 2137 (1995) ...................9

*Independent Wireless Tel. Co. v. Radio Corp. of America*
  269 U.S. 459 (1926).............................................................................9

*Leon v. Millon Air, Inc.*
  251 F.3d 1305 (11th Cir. 2001) ........................................................13

*Manuel v. Convergys Corp.*
  430 F.3d 1132 (11th Cir. 2005) ........................................................14

*Martin v. South Carolina Bank*
  811 F. Supp. 679 (M.D. Ga. 1992) ....................................................14

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*
  312 US 270 (1941)...............................................................................6

*MedImmune, Inc. v. Genentech, Inc*
  549 U.S. 118 (2007).............................................................................6

*Refac Int'l, Ltd. v. Mastercard Int'l, F.W.*
  758 F. Supp. 152 (S.D.N.Y. 1991) ...................................................10

*Rite-Hite Corp. v. Kelley Co.*
56 F.3d 1538 (Fed.Cir.1995) (*in banc*)...........................................................7, 10

*Societe de Conditionnement v. Hunter Engineering Co.*
655 F.2d 938 (9th Cir. 1981) ...............................................................................6

*Soroka v. Lee Techs. Servs.*
2006 U.S. Dist. LEXIS 44909 (N.D. Ga. June 19, 2006)............................ 14-15

*Speedco, Inc. v. Estes*
853 F.2d 909 (Fed. Cir. 1988) ............................................................................7

*In re Summers*
325 U.S. 561 (1948).............................................................................................6

*Sweetwater Rug Corp. v. J & C Bedspread Co.*
198 F. Supp. 941 (S.D.N.Y. 1961) *aff'd*, 299 F.2d 573 (2d Cir. 1962) .........8, 11

*United States Nat'l Bank of Ore. v. Independent Ins. Agents of Am., Inc.*
508 U.S. 439 (1993)..............................................................................................6

*United States Parole Comm'n v. Geraghty*
445 U.S. 388 (1980)..............................................................................................5

*Wilton v. Seven Falls Co.*
515 U.S. 277 (1995)...............................................................................................8

*Zumbro, Inc. v. California Natural Prods.*
861 F. Supp. 773 (D. Minn. 1994)......................................................................10

**Federal Statutes**

28 U.S.C. § 1391(b)(1)..........................................................................................13

28 U.S.C. § 1400(b) ...............................................................................................13

28 U.S.C. § 1404(a) ...............................................................................1, 12-13, 18

28 U.S.C. § 2201(a) ................................................................................................6

## INTRODUCTION

mStation never should have been named as a defendant in this declaratory relief patent action. mStation does not own the patents-in-suit and has no right to enforce them. Since mStation has no standing to adjudicate the patent infringement and validity issues this action seeks to adjudicate, there is no "case or controversy" under the law between mStation and Plaintiff Case-Ari to be tried in this action. Without such a "case or controversy," this Court has no subject matter jurisdiction and no reason to proceed further with mStation. Plaintiff Case-Ari's complaint against mStation should accordingly be dismissed.

Alternatively, this Court should transfer this action pursuant to 28 U.S.C. section 1404(a) to a Court that does have proper jurisdiction to adjudicate Plaintiff Case-Ari's patent infringement and validity claims against the owner of the patents-in-suit (Daniel Huang), namely the U.S. District Court for the Central District of California. Currently, there is an action pending in the U.S. District Court for the Central District of California brought by Mr. Huang where infringement and validity of the patents-in-suit is at issue. *Daniel Huang v. GC Technology, LLC d/b/a Phonesuit, Hali-Power Inc. and Case-Ari, LLC, d/b/a Case-Mate,* Civil Case No. CV10-4705 CAS (VBKx)(C.D.Cal. June 24, 2010). By transfer to the Central District of California, this action can be consolidated

with the existing action involving the patents-in-suit and, by pursuing its claims

against the owner of the patents-in-suit (Daniel Huang) in a court that has personal

jurisdiction over the owner of the patent-in-suit (the Central District of California),

Plaintiff Case-Ari can appropriately pursue the relief it requests in this action.

## FACTUAL BACKGROUND

This action involves patented designs for smartphone battery cases.  A

smartphone is a mobile device that offers more advanced computing ability and

connectivity than a standard cellular telephone.  *See* Declaration of Daniel Huang

filed in support of his concurrently filed Motion to Dismiss or Transfer ("Huang

Decl.") ¶ 3.  It is, in essence, a miniature computer with telecommunication

capabilities.  *Id.*

Mr. Daniel Huang developed the smartphone battery case designs shown in

the two patents-in-suit, U.S. Patent Nos. D616,360 ("'360 patent") and D616,361

("'361 patent")(collectively "patents-in-suit").  *Id.*  When Mr. Huang began

working on the designs for the patents-in-suit, he was aware that smartphones had

a tendency to break if dropped from a user's hand and that a number of

smartphones, including certain iPhone® models made by Apple, had a relatively

short battery life.  *Id.*  The challenge Mr. Huang encountered was to develop a

protective smartphone case with a supplemental battery that would be visually attractive to the customer. *Id.*

In the battery cases shown in Mr. Huang's patents-in-suit, he was able to accomplish these objectives by developing battery case designs that fit snugly around the iPhone® and had visually attractive curves. *Id.* at ¶ 4. In the case of the '361 patent, the battery case Mr. Huang developed was a two piece design having a smaller, generally U-shaped upper piece which fit through matching grooves with a larger lower piece. *Id.* Mr. Huang worked on creating his patented battery case designs exclusively in the state of California. All the materials and documents Mr. Huang used in creating his patented battery cases are located exclusively in California as well. *Id.*

On March 30, 2009, Mr. Huang's patent attorneys filed two patent applications for Mr. Huang's battery case designs, which eventually matured into the '360 and '361 patents-in-suit. *Id.* at ¶ 5. Mr. Huang has not assigned ownership rights in the patents-in-suit to anyone else. *Id.* at ¶ 6. As such, Mr. Huang remains the owner of the patents-in-suit. *Id.*

To commercialize his patented battery case designs, Mr. Huang has been working with the defendant mStation. Huang Decl. at ¶ 7. Mr. Huang is also the CEO of mStation. *Id.* at ¶ 1. mStation sells battery cases of Mr. Huang's patented

design using the mophie® trademark.  *Id.* at ¶ 7.  In view of Mr. Huang's working relationship with mStation, Mr. Huang has pledged not to enforce his rights in the patents-in-suit against mStation while retaining his right to enforce the patents-in-suit against others.  *Id.*  mStation has its headquarters in California.  mStation's employees are located solely in California and Michigan.  *Id.*

The Plaintiff in this action, Case-Ari (doing business as Case-Mate and hereinafter referenced as "Case-Ari"), has been selling imitations of Mr. Huang's patented battery case designs under the name "Fuel-Lite."  *Id.* at ¶ 8.  Attorneys at the Loza & Loza firm sent a "cease and desist" letter to Case-Ari dated June 8, 2010 notifying Case-Mate that the "Fuel-Lite" design infringed the patents-in-suit.  *Id.* at ¶ 9.  Although the Loza & Loza letter appears to suggest that mStation owns the patents-in-suit, this implication is incorrect.  *Id.*  Mr. Huang has always been the owner of the patents-in-suit.  *Id.*

Mr. Huang filed a patent infringement action in the Central District of California involving the patents-in-suit on June 24, 2010, which is still pending *Daniel Huang v. GC Technology, LLC d/b/a Phonesuit, Hali-Power Inc. and Case-Ari, LLC, d/b/a Case-Mate,* Civil Case No. CV10-4705 CAS (VBKx)(C.D.Cal. June 24, 2010). The case was filed by Mr. Huang against Plaintiff Case-Ari, battery manufacturer Hali-Power and Hali-Power' local distributor GC

Technology/Phonesuit *Id.*  Mr. Huang was forced by counsel for Plaintiff Case-Ari to dismiss Plaintiff Case-Ari from the California case without prejudice in order for mStation to obtain a brief extension of time to retain new litigation counsel and file a response to the original Complaint in this case.[1]  Decl. of Kathleen Walker ("Walker Decl.") ¶¶ 4-5[2] .

## ARGUMENT

I.   **THE CLAIMS AGAINST MSTATION MUST BE DISMISSED PURSUANT TO RULE 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE BECAUSE THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION.**

    A.   **This Court Has No Subject Matter Jurisdiction When There is No Actual Case or Controversy.**

The Constitution limits jurisdiction of federal courts to actions where there is an actual "case or controversy" between the parties.  U.S. Const. Article III, § 2. The Court has no subject matter jurisdiction where there is no "case or controversy" between the parties.  *United States Parole Comm'n v. Geraghty*, 445

---

[1] mStation and Mr. Huang were in the process of transferring files to new counsel when mStation's response to Plaintiff's original complaint became due.  Kathleen Walker, a legal advisor for mStation, contacted Plaintiff's counsel to notify his of this situation and ask for a short extension of time to respond to Plaintiff's original complaint in this action.  Plaintiff's counsel refused to extend the professional courtesy of an extension unless Mr. Huang agreed to dismiss Case-Ari from his lawsuit in California.  Walker Decl. ¶¶ 3-4.

[2] Contrary to the allegations in the First Amended Complaint, mStation never stated that it would not attempt to transfer or dismiss this case on the grounds that mStation has no ownership in the asserted patents.  Walker Decl. ¶ 6.

U.S. 388, 395 (1980).  Like all other actions heard in federal court, a declaratory

judgment action is subject to the "case-or-controversy" requirement of Article III

of the Constitution.  *United States Nat'l Bank of Ore. v. Independent Ins. Agents of*

*Am., Inc.*, 508 U.S. 439, 445 (1993) (court lacks subject matter jurisdiction over

action absent requisite case or controversy); 28 U.S.C. § 2201(a).  The Declaratory

Judgment Act reads in pertinent part:  "<u>In a case of actual controversy within its</u>

<u>jurisdiction</u> . . . any court of the United States . . . may declare the rights and other

legal relations of any interested party seeking such declaration, whether or not

further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).

Whether an actual "case or controversy" exists so that a district court may

entertain an action for a declaratory judgment of non-infringement and/or

invalidity is governed by Federal law.  *In re Summers*, 325 U.S. 561, 566-568

(1948); *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273

(1941); *see also Societe de Conditionnement v. Hunter Engineering Co.,* 655 F.2d

938, 942 (9th Cir. 1981).  The burden is on the party claiming declaratory

judgment jurisdiction to establish that such jurisdiction existed at the time the

claim for declaratory relief was filed and that it has continued since.  *MedImmune,*

*Inc. v. Genentech, Inc*, 549 U.S. 118, 1140 (2007).  A defense based on the lack of

subject matter jurisdiction is never waived (even if raised for the first time on

appeal), and may be raised by any party, at any time. *Attorneys Trust v. Videotape Computer Products, Inc.,* 93 F.3d 593, 594-95 (9th Cir. 1996) (a "disappointed plaintiff" may attack prior assertion of jurisdiction for first time on appeal even after losing at trial on the merits).

### B.   No Case or Controversy Exists Here Because mStation is not the Owner or Licensee With Power To Enforce the Patents-in-Suit.

In determining whether subject matter jurisdiction exists in declaratory judgment suit, the Court must look to the action that the declaratory defendant would have brought, not to the claims in the Complaint. *Speedco, Inc. v. Estes*, 853 F.2d 909, 912 (Fed. Cir. 1988). It is a fundamental tenant of patent law that only the patent owner or an exclusive licensee with power to enforce the patent have standing to bring a legal claim for patent infringement. *Rite-Hite Corp. v. Kelley Co*., 56 F.3d 1538, 1552 (Fed.Cir.1995) (*in banc*).

mStation is not the owner of the patents-in-suit nor is it an exclusive licensee with the power to enforce the patents-in-suit against others (e.g., Plaintiff Case-Ari). Mr. Huang is the owner of the patents-in-suit and has the sole right to enforce the patents-in-suit against others. This is evidenced not only by Mr. Huang's concurrently submitted declaration but also by the fact that it was Mr. Huang, not mStation, who brought an action in the Central District of California to enforce the patents-in-suit. *Daniel Huang v. GC Technology, LLC d/b/a*

- 7 -

*Phonesuit, Hali-Power Inc. and Case-Ari, LLC, d/b/a Case-Mate,* Civil Case No. CV10-4705 CAS (VBKx)(C.D.Cal. June 24, 2010).

Absent legal standing to sue for infringement of the patents-in-suit, mStation is barred from defending any declaratory relief action related to the validity or infringement of the patents-in-suit. *See e.g. Sweetwater Rug Corp. v. J & C Bedspread Co.*, 198 F. Supp. 941, 944 (S.D.N.Y. 1961) *aff'd*, 299 F.2d 573 (2d Cir. 1962) (bare licensee may not defend a suit seeking a declaration as to the validity of the patents in the absence of the patent owner…any controversy that may exist between the plaintiffs and the corporate-defendant is one between a bare licensee and an alleged infringer, and is not an actual controversy as required by the Federal Declaratory Judgment Act.") (cited in Chisum on Patents 8-21 § 21.03[4] n.4 ).  As such, this Court has no subject matter jurisdiction over Case-Ari's declaratory judgment claims against mStation and those claims should accordingly be dismissed.

**C.    Additionally, this Court Should Exercise its Discretion and Decline Jurisdiction in Favor of the Litigation Pending in the Central District of California.**

The Declaratory Judgment Act confers on federal courts "unique and substantial discretion" in deciding whether to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-287 (1995).  In exercising its discretion, the

Court may consider the convenience and availability of witnesses, the absence of jurisdiction over all necessary or desirable parties, the possibility of consolidation with related litigation, or considerations relating to the real party in interest. *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937-388 (Fed. Cir. 1993) *overruled in part on other grounds Wilton v. Seven Falls Co.,* 515 U.S. 277, 289 (1995). All of these factors favor dismissal of this case.

       1.    <u>The Court Has No Personal Jurisdiction Over an Indispensible Party.</u>

As explained in the concurrently filed Huang Motion To Dismiss or Transfer, this Court does not have personal jurisdiction over the owner of the patents-in-suit, Mr. Daniel Huang. As the owner of the patents-in-suit with the sole right to enforce them, Mr. Huang is an indispensible party to any action where the validity or infringement of the patents-in-suit is at issue. *Independent Wireless Tel. Co. v. Radio Corp. of America*, 269 U.S. 459, 468 (1926) ("The presence of the owner of the patent as a party is indispensable, not only to give jurisdiction under patent laws, but also in most cases to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions."); s*ee also Delano Farms Co.,* 623 F. Supp. 2d 1144, 1163 (C.D. Cal. 2009) ("property owners are generally necessary parties to actions that could affect

their property interests adversely...owner of the Patented Varieties, is no exception"); *see also Zumbro, Inc. v. California Natural Prods.*, 861 F. Supp. 773, 783 (D. Minn. 1994) (a patent owner "is an indispensable party in a declaratory judgment action challenging a patent's validity and enforcement.") (citing *Messerschmitt-Boelkow-Blohm Gesellschaft, mb H v. Hughes Aircraft Co.*, 483 F. Supp. 49, 52-53 (S.D.N.Y. 1979)); *Refac Int'l, Ltd. v. Mastercard Int'l, F.W.*, 758 F. Supp. 152, 157 (S.D.N.Y. 1991) ("If the party is deemed indispensable, then the Court may dismiss the entire action... the patent-holder is a necessary party because the patent-holder is still the real party in interest with respect to the validity of the patent").

*Chisum on Patents*, the venerable treatise on the law of patents, is also instructive on this issue:

> a person is a proper party defendant if but only if that person had standing to sue the plaintiff for infringement. An absent party (such as a patent owner or exclusive licensee) is a necessary or indispensable party on the defendant side if that party would have been such in an infringement suit.

Chisum on Patents 8-21 § 21.03[4] n.4 (citing multiple authorities). Here, Mr. Huang is the only party with standing to sue Plaintiff Case-Ari for patent infringement. Thus, he is not only an indispensible party – he is <u>the only party</u> that

can defend a declaratory relief action on the validity and infringement of these

patents.  *Rite-Hite Corp.*, 56 F.3d at 1552.

        2.    <u>The Case Should be Consolidated with the Matter Pending
Before the Central District of California.</u>

This Court should also decline jurisdiction in order to allow all the issues

concerning the patents-in-suit to be heard in one court, specifically the U.S.

District Court for the Central District of California. Consolidating Case-Ari's

patent claims with similar claims currently pending in the Central District of

California is in the interest of conserving judicial resources and avoiding

conflicting rulings on validity and infringement that may occur when two different

courts rule on the same issue.  Moreover, adjudicating Case-Ari's patent claims in

the Central District of California has the added benefit of avoiding any personal

jurisdiction problems since Mr. Huang lives in the Central District of California

and acknowledges that Court's jurisdiction over him.  Thus, judicial economy also

favors dismissal of this action.

        3.    <u>Considerations of the Real Party of Interest Favor Dismissal.</u>

Huang, not mStation, is the only real party in interest in this case.  As the

patent owner with the sole right to enforce the patents-in-suit, Mr. Huang is the

only person who can defend this declaratory relief action.  *Sweetwater Rug Corp.*,

198 F. Supp. at 944.  This Court has no personal jurisdiction over Mr. Huang, the

real party in interest.  This basis alone is sufficient for the Court to decline jurisdiction.

          4.     <u>The Convenience of the Parties and Witnesses also Favors Dismissal.</u>

The locus of operative facts giving rise to the declaratory relief claims occurred in California, not Georgia.  Huang is the sole inventor and owner of the patents-in-suit.  He is a resident of California and created the designs protected by patents-in-suit solely in California.  Therefore, the convenience of the witnesses and the location of the relevant documents favors venue in California.  Further, two out of the three parties in this action reside in California (i.e., Huang and mStation).  Therefore, it is more convenient overall to the parties to litigate this matter in California.

**II.** **IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a) FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES AND IN THE INTEREST OF JUSTICE.**

In the alternative, mStation respectfully requests that this Court transfer this action to the Central District of California under  28 U.S.C. § 1404(a) so that it can be consolidated with the patent action Huang presently has pending in the Central District of California.  *Daniel Huang v. GC Technology, LLC d/b/a Phonesuit,*

*Hali-Power Inc. and Case-Ari, LLC, d/b/a Case-Mate*. Civil Case No. CV10-4705 CAS (VBKx)(C.D.Cal, June 24, 2010).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a).  To prevail on a motion to transfer made pursuant to Section 1404(a), the moving party needs to show that: (1) an adequate alternative forum is available; (2) the public and private factors weigh in favor of transfer; and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310-11 (11th Cir. 2001).  All elements are met in this case.

### A.    The Central District Of California is a Court in Which this Action Might Have Been Brought.

The threshold inquiry for a Section 1404(a) transfer is whether the transferee court is a district where the action originally might have been brought.  Venue in this case is proper in the Central District of California under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b)(1) because both defendants reside within that district. Huang is a resident of Orange County California and mStation has its headquarters within the district.  Huang Decl. ¶¶ 7.  Moreover, there is no question relating to personal jurisdiction over either defendant in the Central District of California. Thus, venue is proper in the Central District of California.

**B.     The Convenience of the Parties and Witnesses and the Interest of Justice Favor Transfer to the Central District Of California.**

The Court may consider various factors when determining whether the balance of justice and convenience favors transfer, including: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on a totality of the circumstances.  *Manuel v. Convergys Corp*., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *Martin v. South Carolina Bank*, 811 F. Supp. 679, 685 (M.D. Ga. 1992). The majority of the factors support a transfer of venue to the Central District of California.

1.     <u>Weight Should be Accorded to Defendant's Choice of Forum as the Proper Plaintiff for a Declaratory Relief Action.</u>

Although weight is generally given to the plaintiff's (Case-Ari) choice of forum, in cases of declaratory relief actions weight should be accorded to the defendant (Huang) as the natural plaintiff.  *Soroka v. Lee Techs. Servs*., 2006 U.S. Dist. LEXIS 44909 (N.D. Ga. June 19, 2006) (transferring case where plaintiff

filed an anticipatory declaratory relief action).  Plaintiff's choice of forum should not be granted deference because the declaratory relief action was an anticipatory action motivated by forum-shopping concerns.  Counsel for mStation sent a "cease and desist" letter to Plaintiff Case-Ari dated June 8, 2010, in order to informally encourage Plaintiff Case-Ari to stop infringement.  Within days of receiving the letter and without even presenting an informal response, Plaintiff Case-Ari rushed to this Court to file the present action so that it could litigate in a forum it considered most convenient to it and make sure that its lawsuit was filed before Huang could file an alternative lawsuit in a different forum (e.g., Central District of California).  Under these circumstances, deference should be given to Huang's later choice of forum and this case transferred to the Central District of California to be consolidated with Huang's existing California action.  *Id.* at * 19.

> 2.  Trial Efficiency Favors Transfer Where There is Already an Action Pending in the Transferee Court.

Trial efficiency and the interests of justice also favor transfer.  The fact that a substantially similar action is currently pending in the transferee court weighs in favor of transfer because of the opportunity for consolidation and conservation judicial resources.  *Soroka v. Lee Techs. Servs.*, 2006 U.S. Dist. LEXIS 44909 (N.D. Ga. June 19, 2006).  Here, there is currently an action pending in the Central District of California regarding the same patents-in-suit.  The litigation was filed

on behalf of Huang against Plaintiff Case-Ari as well as an unrelated battery case

manufacturer, Hali-Power, and its local distributor, GC Technology/Phonesuit.

Huang was forced to dismiss Plaintiff Case-Ari from the California suit without

prejudice in order to obtain an extension time for mStation to obtain litigation

counsel and answer Case-Ari's original Complaint in this action.  Transferring this

case to that same California district will allow the cases to be consolidated, thereby

conserving judicial resources.  The transfer will also prevent any conflicting

rulings on validity and infringement that may occur when two different courts rule

on the same issue.

     3.    <u>The Convenience of the Witnesses, Locus of Operative Facts,
Location of Relevant Documents and Convenience of the
Parties All Favor Transfer.</u>

The substantial part of the events or omissions giving rise to the declaratory

relief claims (i.e. the locus of operative facts) occurred in California, not Georgia.

Huang as the sole inventor and owner of the patents-in-suit.  He is a resident of

California and created the designs protected by patents-in-suit solely in California.

Therefore, the convenience of the witnesses and the location of the relevant

documents favors venue in California.  Further, two out of the three parties in this

action reside in California (i.e., Huang and mStation).  Therefore, it is more

convenient overall to the parties to litigate this matter in California.

4.      Remaining Factors Favor Transfer.

The remaining factors are either neutral or favor transfer to California.  Both California and Georgia are familiar with and can equally apply the federal patent law.  Compulsory process of subpoena is available to compel attendance of unwilling non-party witnesses.  A party may compel the attendance of an unwilling, non-resident, non-party witness by having the U.S. District Court in the witness' district issue a subpoena.  FRCP R. 45(b)(2).  Further, there is a disparity of means between Plaintiff Case-Ari corporation and Huang.  Huang as an individual has fewer resources and means than Plaintiff Case-Ari corporation.  It would be very difficult and cumbersome for Huang to have to come to this Court to represent himself and defend his patents.  Huang Decl. ¶ 11.

**C.      Plaintiff Can Reinstate its Suit in the Central District of California where there is Jurisdiction for all Parties.**

At this early stage in litigation, it would not be unduly inconvenient or prejudicial for Plaintiff Case-Ari to reinstate its suit in the Central District of California.  Neither defendant has filed an Answer to the First Amended Complaint and no discovery has taken place.  Moreover, there are no jurisdictional issues over Huang in the transferee California court.

The pending action could have been filed in the Central District of

California, a majority of the factors favor transfer to that district and Plaintiff Case-Ari will not suffer undue prejudice from such transfer.  As such, if this action is not dismissed for lack of jurisdiction over mStation and Huang, this Court should transfer this action to the Central District of California under 28 U.S.C. § 1404(a).

## CONCLUSION

For the reasons set forth above, mStation respectfully requests that it be dismissed from the Complaint, or in the alternative, that the Court  transfer venue to the Central District of California.

**DUANE MORRIS LLP**

s/ *William A. Capp*

William A. Capp (#108823)
*bcapp@duanemorris.com*

Jennifer H. Forte (#940650)
*jhforte@duanemorris.com*

Guy W. Chambers
Admitted *Pro Hac Vice*
Duane Morris, LLP
One Market Plaza
2200 Spear Tower
San Francisco, CA 94105
Telephone:  (415) 957-3017

700 Atlantic Center Plaza
1180 West Peachtree Street
Suite 700
Atlanta, GA 30309-3448
Telephone:  (404) 253.6900

James Y. C. Sze
Admitted *Pro Hac Vice*
Duane Morris, LLP
101 West Broadway
Suite 900
San Diego, CA 92101
Telephone:  (619) 744-2293

***Counsel for mStation, Inc. and Mr. Daniel Huang.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 15, 2010, I electronically filed the within and foregoing  **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT mSTATION'S MOTION TO DISMISS OR TRANSFER – SUBJECT MATTER JURISDICTION** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

s/ *William A. Capp*

William A. Capp (#108823)
*bcapp@duanemorris.com*

In accordance with Local Rule 7.1D, the above signed counsel certify that the foregoing has been prepared using the Times New Roman 14 point font.